1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

11
12

TOTAL VISION, LLC and TOTAL VISION, P.C.,

13
14

Plaintiffs,

15

v.

16
17
18
19
20

VISION SERVICE PLAN a/k/a VSP GLOBAL, VSP VENTURES MANAGEMENT SERVICES, LLC, ALTAIR EYEWEAR, INC., EYEFINITY, INC., MARCHON EYEWEAR, INC., and VSP LABS, INC.

21

Defendants.

22

CASE NO. 8:23−cv−01805−WLH (DFMx)

**DISCOVERY MATTER: STIPULATED PROTECTIVE ORDER**

Magistrate Judge: The Honorable Douglas F. McCormick

Trial Date: November 18, 2025

23
24
25
26
27
28

## 1.   **PURPOSES AND LIMITATIONS**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

### 1.1   GOOD CAUSE STATEMENT

This Action is likely to involve the production and exchange of confidential, sensitive information that could cause business, competitive, and personal harm if disclosed publicly or without restrictions between the parties.

Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding customers and prices, information regarding confidential business practices, or other confidential, commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so

designated without a good faith belief that it has been maintained in a confidential, non–public manner, and there is good cause why it should not be part of the public record of this case.

### 1.2 ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79–5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non–dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). A specific showing of good cause or compelling reasons with proper evidentiary support and legal justification must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pinto v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677–79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must

articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted.  If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 2.   **DEFINITIONS**

2.1   <u>Action</u>: the above–captioned case.

2.2   <u>Challenging Party</u>: a Party or Non–Party that challenges the designation of information or items under this Order.

2.3   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and/or as specified above in the Good Cause Statement.   Materials designated "CONFIDENTIAL" shall be treated as Confidential Information, subject to the provisions set forth in this Order.

2.4   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff, including regular or temporary employees and service vendors of such Counsel).

2.5   <u>Designating Party</u>: a Party or Non–Party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO."

2.6   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Experts</u>: This Protective Order[1] contemplates two types of expert witnesses with different levels of access to information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO:

(a) Tier 1 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained or appointed by a Party or its counsel to serve as an expert witness or consultant in this Action and who does not fall into the definition of a Tier 2 Expert.

(b) Tier 2 Expert:   a person with specialized knowledge or experience in a matter pertinent to the litigation and who has been retained or appointed by a Party or its counsel to serve as an expert witness or consultant in this Action and (1) is or is anticipated, at the time of retention or appointment of the expert, to become an owner, member, officer, director, employee, broker, or agent of a Party's competitor, or (2) is or is anticipated, at the time of retention or appointment of the expert, to become an owner, member, officer, director, employee, broker or agent of a Party or of a Party's direct or indirect parent company or subsidiary.[2]

2.8   <u>"HIGHLY CONFIDENTIAL-AEO" Information or Items</u>: extremely sensitive "Confidential Information or Items," the disclosure of which to another Party or Non-Party would create a substantial risk of serious and irremediable harm to the Producing Party.  Materials designated "HIGHLY CONFIDENTIAL-AEO" shall be treated as Highly Confidential Information, subject to the provisions set forth in this Order.

---

[1] This Protective Order pertains only to the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL-AEO information or items to Experts. It does not limit who a Party may choose to designate or present as an Expert.

[2] This category of Tier 2 Expert includes, without limitation, the following entities: Bregal Investment, LLP; Bregal Investments; Bregal Sagemount; Bregal Partners; Bregal Private Equity Partners; Total Vision Interco, LLC; and Total Vision Holdings, LLC.

2.9    House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non–Party: any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this Action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, including support staff, regular or temporary employees, and service vendors.

2.12    Party: any named party to this action, including all of its officers, directors, employees, consultants or advisors assisting the party in this action, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: a Party or Non–Party that produces Disclosure or Discovery Material in this action.

2.14    Professional Vendors: persons or entities engaged by a Party (through Outside Counsel of Record or otherwise) that provide litigation support services in this Action (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO."

2.16    Receiving Party: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Disclosure and Discovery Material and Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

This Stipulation and Order also applies to all non-Parties that are served with subpoenas or who otherwise produce documents or are noticed for depositions in the Action, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations herein upon signing a Declaration in the form provided as Exhibit A.  Any Party or its counsel serving a subpoena, after the date this Protective Order is entered, which requires the production of documents or testimony upon a non-Party shall serve a copy of this Order along with such subpoena.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

## 4.   **DURATION**

Final Disposition of the action is defined as the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The parties stipulate— and the Court so orders—that the parties will be contractually bound by the terms of this agreement beyond the Final Disposition, but will file a separate action for enforcement of the agreement once all proceedings in this case are complete.

Once a case proceeds to trial, information that was designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL-AEO, or maintained pursuant to this protective order that is used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.  *See Kamakana*, 447 F.3d at 1180– 81 (distinguishing "good cause" showing for sealing documents produced in

discovery from "compelling reasons" standard when merits–related documents are part of court record).

## 5. **DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non–Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only the material, documents, items or oral or written communications that qualify so that other material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party should promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO," as the case may be, on each page that contains protected material. If only a portion of the material on a page qualifies for protection, the

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  Material produced in native format (including but not limited to material produced in Excel) containing Protected Information shall be designated by (i) producing a TIFF (or similar electronic) placeholder image corresponding to the native material that includes the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" legend and (ii) including "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" in the file name of the native material, where practicable.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" within thirty (30) days of the receipt of the final transcript of the deposition, hearing, or other proceeding.  Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL-AEO."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO," as the case may be.

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

In the event that any Disclosure or Discovery Material is inadvertently produced without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Disclosure or Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO," as the case may be (the "Inadvertent Production Notice").

Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Disclosure or Discovery Material shall promptly destroy the inadvertently produced Disclosure or Discovery Material and all copies thereof, or, at the expense of the Producing Party, return such together with all copies of such Disclosure or Discovery Material to counsel for the Producing Party and shall retain only the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" materials. Should the Receiving Party choose to destroy such inadvertently produced Disclosure or Discovery Material, the Receiving Party shall notify the Producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Disclosure or Discovery Material protected by attorney-client or work product privileges, which is addressed specifically in Section 11 below. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non–Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37–1 et seq.

6.3     <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37–2.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the

material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.** **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles. A Receiving Party may use Disclosure and Discovery Material, including Protected Material, that is disclosed or produced by another Party or by a Non–Party in connection with this Action only, for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, employees, and consultants or advisors assisting in this Action (including House Counsel) of the Receiving Party (where applicable) to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party, as well as employees of said Experts, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, stenographers, or videographers who record testimony in connection with this Action;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) witnesses, noticed or subpoenaed, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) the witness and his or her attorneys will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions, or appointed by the Court.

7.3    Disclosure of "HIGHLY CONFIDENTIAL-AEO" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL-AEO" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)   Experts (as defined in this Order) of the Receiving Party, as well as employees of said Experts, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that disclosure of HIGHLY CONFIDENTIAL-AEO materials to Tier 2 Experts shall be subject to the following additional terms:

1) Before a Designating Party's HIGHLY CONFIDENTIAL-AEO information or documents may be disclosed to a Receiving Party's Tier 2 Expert, the Receiving Party shall give the Designating Party ten (10) days advanced written notice of the following: (1) the categories of HIGHLY CONFIDENTIAL-AEO information that the Receiving Party intends to disclose to its Tier 2 Expert (2) the identity and title of the Tier 2 Expert to whom the Receiving Party intends to disclose the HIGHLY CONFIDENTIAL-AEO documents or information, (3) the Tier 2 Expert's firm or affiliation and (4) a document sufficient to show the last three years of the Tier 2 Expert's employment.

(i)   To the extent that the Designating Party has a good faith belief that disclosure of such HIGHLY CONFIDENTIAL-AEO documents or information to the Tier 2 Expert threatens the Designating Party's legitimate confidentiality interests in a manner that cannot be satisfied by the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the Designating Party may challenge that disclosure within that ten (10) day period by providing a written objection to the Party seeking to make the disclosure. Any such objection must set forth in detail the grounds on which it is based.

(ii) A Party that makes a request to disclose HIGHLY CONFIDENTIAL-AEO documents or information to a Tier 2 Expert and provides the information specified in section 7.3(b)(1)(i) may disclose the subject Protected Material to the identified Tier 2 Expert unless the Party receives a written objection from the Designating Party in the time period set forth in section 7.3(b)(1)(i).

1          (iii) A Party that receives a timely written objection as set
2  forth in section 7.3(b)(1)(i) above must meet and confer with the Designating Party
3  to try to resolve the matter by agreement within seven (7) days of the written
4  objection. If no agreement is reached, the Party seeking to make the disclosure to its
5  Tier 2 Expert(s) may file a motion seeking permission from the court to do so. In any
6  such proceeding, the Party opposing disclosure to the Tier 2 Expert shall bear the
7  burden of proving that the risk of harm that the disclosure would entail outweighs the
8  Receiving Party's need to disclose the HIGHLY CONFIDENTIAL-AEO documents
9  or information to its Tier 2 Expert.

10          (iv)  During the pendency of the challenged disclosure, the
11  Party seeking to make the disclosure to its Tier 2 Expert shall not provide the Tier 2
12  Expert access to the subject Protected Material.

13      (c)  the Court and its personnel;

14      (d)  court reporters and their staff, professional jury or trial consultants, mock
15  jurors, and Professional Vendors to whom disclosure is reasonably necessary for this
16  litigation and who have signed the "Acknowledgment and Agreement to Be Bound"
17  (Exhibit A);

18      (e)  the author or recipient of a document containing the information or a
19  custodian or other person who otherwise possessed or knew the information;

20      (f) witnesses being questioned, either at a deposition or in court proceedings, and
21  the witnesses' counsel, where the witness is indicated on the face of the document to
22  have been an author, addressee, or copy recipient thereof, an actual or intended recipient
23  thereof, or in the case of meeting minutes, an attendee of the meeting, in each case only
24  to the extent such disclosure is reasonably necessary for the proceedings or the
25  resolution of the Action, provided that the witness has signed or agreed on the record to
26  sign a Declaration in the form of Exhibit A provided hereto.  Those witnesses and their
27  counsel who are shown "HIGHLY CONFIDENTIAL-AEO" material shall not be
28  allowed to retain copies.

**8.  <u>PROTECTED  MATERIAL  SUBPOENAED  OR  ORDERED PRODUCED IN OTHER LITIGATION</u>**

If a Party is served with a subpoena or a court order issued in another litigation or proceeding that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-AEO" that Party must:

(a) promptly notify in writing the Designating Party, and, if different, the Producing Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as  "CONFIDENTIAL"  or  "HIGHLY  CONFIDENTIAL-AEO"  before  a determination by the court or other authorized body from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court or forum of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.  <u>A NON–PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>**

(a) The terms of this Order are applicable to information produced by a Non–Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-AEO." Such information produced by Non–Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non–Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non–Party's confidential information in its possession, and the Party is subject to an agreement with the Non–Party not to produce the Non–Party's confidential information, then the Party shall:

1) promptly notify in writing the Requesting Party and the Non–Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

2) promptly notify in writing the Requesting Party and the Non–Party that some or all of the information requested is subject to a confidentiality agreement with a Non–Party;

3) make the information requested available for inspection by the Non–Party, if requested.

(c) If the Non–Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non–Party's confidential information responsive to the discovery request. If the Non–Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non–Party before a determination by the Court. Absent a court order to the contrary, the Non–Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in

writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.**    <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

If Disclosure or Discovery Material or other information subject to a claim of attorney-client privilege, work-product immunity, or any other applicable claim of privilege or immunity is inadvertently produced or otherwise disclosed to any Party or Non-Party, such production or disclosure shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or immunity for such Disclosure or Discovery Material or other information.  Disclosure or Discovery Material or other information subject to a claim of privilege or immunity must be returned as soon as it is discovered, without any need to show the production was inadvertent.  The Receiving Party shall not use the inadvertently produced Disclosure or Discovery Material or other information for any purpose.

Upon request by the Producing Party pursuant to this Section, the Receiving Party shall make no further use of the information, shall immediately segregate the information in a manner that will prevent any further disclosure or dissemination, and shall take reasonable steps to retrieve the information to the extent it was disclosed or disseminated prior to receipt of the notice.  Within ten (10) business days of receiving the notice of inadvertent disclosure, the Receiving Party shall take reasonable steps to return all information in its possession, custody, or control that the Designating Party believes is protected, or shall provide written confirmation that such information has been deleted.  The Receiving Party's reasonable steps shall not require the return or destruction of information that is stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes.

This order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

12.   **MISCELLANEOUS**

12.1   Right to Further Relief. Nothing in this Order abridges the right of any Party or Non-Party producing documents subject to its terms to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79–5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.   **FINAL DISPOSITION**

After the Final Disposition of this Action, as defined in Section 4, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not

the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

**14.   <u>VIOLATION</u>**

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**15.   <u>MODIFICATIONS</u>**

This Order may be amended and superseded by any subsequent order of the Court—on the Court's own motion, upon the stipulation of the Parties, or on other grounds that are appropriate under applicable law.

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED:   June 14, 2024

_____
HON. DOUGLAS F. MCCORMICK

United States Magistrate Judge

**IT IS SO STIPULATED.**

DATED:  June 17, 2024

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By  /s/ *Adam B. Wolfson*
_____
Adam B. Wolfson
William R. Sears
Maxwell P Deabler-Meadows
Lynette Lim

*Attorneys for Plaintiffs Total Vision, LLC and Total Vision, P.C.*

DATED:  June 17, 2024

REINHART BOERNER VAN DEUREN s.c. and BAKER BOTTS, L.L.P.

By  /s/ *Laura A. Brenner*
_____
Laura A. Brenner
Scott W. Hansen
Olivia J. Brooks
James N. Law

Theodore W. Chandler
Cheryl A. Cauley
James G. Kress
Paul C. Cuomo
Jana I. Seidl

*Attorneys for Defendant/Counterclaimant Vision Service Plan, A/K/A VSP Global, and Defendants VSP Ventures Management Services, LLC, Altair Eyewear, Inc., Eyefinity, Inc., Marchon Eyewear, Inc., VSP Labs, Inc.*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all signatories listed besides myself, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED:  June 17, 2024                    QUINN EMANUEL URQUHART &
                                                           SULLIVAN, LLP


By _____ /s/ *Adam B. Wolfson* _____
    Adam B. Wolfson
    William R. Sears
    Maxwell P Deabler-Meadows
    Lynette Lim

    *Attorneys for Plaintiffs Total Vision, LLC*
    *and Total Vision, P.C.*

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____, 20__ in the case of *Total Vision, LLC et al. v. Vision Service Plan et al.*, Case No. 8:23−cv−01805−WLH (DFMx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER